## Case No. 4,624.

In re FALKNER.

[16 N. B. R. 503.][1]

District Court, D. Massachusetts. Dec. 14, 1877.

A. G. Briscoe, for joint creditors.
F. T. Blackmer, for separate creditors.

---

[1] [Reprinted by permission.]

LOWELL, District Judge. When a separate adjudication is made against a bankrupt who is or has been a member of a firm, the courts of equity decided that the joint creditors could only prove their debts for the purpose of assenting to or dissenting from the bankrupt's discharge and of sharing in any joint estate that might come to the hands of the assignees, and in the surplus, if any, of the separate estate. The reason for not permitting them to vote for the assignee appears to have been, that for the purpose of speeding such causes, a general practice had been adopted that only those creditors could choose the assignee who had the right to prove without an order from the lord chancellor, and joint creditors could not so prove at the time those decisions were made. See Ex parte Taitt, 16 Ves. 193; Ex parte Hall, 9 Ves. 349; Ex parte Clay, 6 Ves. 814; Ex parte Chandler, 9 Ves. 35.

By these cases it will appear that if a joint creditor was the petitioning creditor, he could not only prove, but vote—an inconsistency with the general rule, which was often observed upon. In law there is no reason why the joint creditors should not vote for the assignee. They are creditors of each partner, and though the assets are to be marshalled in such a way that they may get a smaller dividend than the separate creditors, yet this does not deprive them of the right to be creditors; and it is not according to the true theory of the bankrupt law [of 1867 (14 Stat. 517)], that the right of a creditor to vote should depend upon questions of this sort which cannot be tried at the first meeting. The statute of 6 Geo. IV. c. 16, § 62, removed this anomaly and gave the joint creditors their full rights. I do not consider that a statute is necessary in this country, where there is no rule or method of practice which is opposed to it. In truth, when the courts held, and rightly, that joint creditors might petition for adjudication against one partner, and that they might act and sign for or against the discharge, they had decided the other question, excepting, as I have said, for some accidental rule of practice. There never was a question that the separate creditors could vote in the choice of assignees under a separate adjudication, though the bankrupt had been a partner with others. Where there is a joint adjudication, of course the joint creditors are creditors of each partner, but the separate creditors of one are not, as such, creditors of the others; therefore, the rule was early established and is adopted by our statute, that the joint creditors must choose the assignees.

It has always been the practice in England to permit the separate creditors to choose an inspector, as he is called, who has many of the powers of an assignee, to take care of their interests, when there seemed occasion for it; and we arrive at the same result by giving the court power to appoint additional assignees. The rule, however, ceases with the reason of it, and does not apply when the late partners are severally bankrupt. The courts simply take the case as it is. An individual is bankrupt and all his creditors vote for his assignee. I have never seen a case in England or America that decides that the separate creditors cannot vote. Cases were cited which show a diversity of opinion upon some points of the settlement of bankrupt partnerships; but I have seen none which holds that in a collateral matter not arising on a petition to stay proceedings or anything of that sort, the court is to go into any such matters. If there are any joint debts in this case, which is denied by the bankrupt, they may be proved, though they cannot, unless under very peculiar circumstances, share in the separate estate until the separate creditors have been fully paid. The assignee was voted for by all the separate creditors, and under the rules above set forth was duly chosen. Choice of assignee confirmed.